IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER M. WELCH, | : | CIVIL NO. 3:CV-06-0923 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENN. DEPT. OF CORR., et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

Plaintiff, Christopher Welch ("Welch"), a former inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Coal Township (SCI-Coal Township), filed this civil rights action alleging that defendants failed to protect him during his incarceration.[1] Presently pending is defendants' motion for summary judgment pursuant to FED.R.CIV.P. 56. (Doc. 24).[2] For the reasons set forth below, the motion will be granted.

I. Statement of Material Facts

In accordance with the Pennsylvania Department of Corrections ("DOC") administrative grievance system, if an inmate is unable to informally resolve a problem, they may file formal written grievance. DC-ADM 804 VI(A)(1), (6). "Every grievance must be signed and dated by the inmate." DC-ADM 804 VI(A)(6). Further, "[t]he inmate will include a statement of the

---

[1] Welch has withdrawn his claim against the Pennsylvania Department of Corrections. (Doc. 27, p. 2).

[2] Defendants originally filed the motion pursuant to Fed. R. Civ. P. 12(b)(6). However, because matters outside the pleadings were presented to the court, the motion was converted to a motion for summary judgment. (Doc. 30).

facts relevant to the claim. The test of the grievance **must** be legible, **understandable, and** presented in a courteous manner, and the statement of facts shall not exceed two pages. . . . The inmate will identify any person(s) who may have information that could be helpful in resolving the grievance. In Section B of the **DC-804, Part 1**, the inmate should also include information on attempts to resolve the matter informally. The inmate will also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. ***If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the specific relief sought in his/her initial grievance.***" DC-ADM 804 VI(A)(7) (emphasis in original).

On September 22, 2005, Welch filed Grievance No. 130430 complaining that Lieutenant Vandine threatened to send him to a "facility on the western side of Pennsylvania all beat up" for staring at a female staff member. (Doc. 1, p. 14; Doc. 26-2, p. 109). He indicated that he felt he was in danger of being assaulted. (Id.). The grievance officer spoke with those present, including Vandine, and concluded that Vandine acted appropriately in dealing with a situation in which he felt the security of a staff member was at risk. He further concluded that Welch was not in any type of danger. (Doc. 26-2, p. 108).

If an inmate is dissatisfied with the initial review response, the inmate may appeal to the Facility Manager within five working days from the date of receipt by the inmate of the Initial Review decision. (DC-ADM 804 VI(C)(1)(b)). The next step in the review process, is that the Secretary of the Department of Corrections Office of Inmate Grievances and Appeals must review the inmate's appeal of the Facility Manager's decision. (DC-ADM 804 VI(D)(1)(b)).

Welch appealed the grievance stating that he felt that his problems "with inmates & staff" were not looked into and not taken seriously. (Doc. 26-2, p. 107). His appeal was unsuccessful. (Id. at p.106). In his appeal to the final level of review, Welch states that he was assaulted on October 16, 2005, and that the assault could have been avoided if his pleas for help had been taken seriously. (Doc. 26-2, p. 105). However, according to the record, Welch was involved in a fight with another inmate while at the west weight pavilion. (Doc. 26-2, p. 8). Although Welch initially stated that he suffered a seizure, during the course of the investigation into the incident, Welch admitted that he did not have a seizure. Rather, another inmate, Anthony McAllister, assaulted him because McAllister's cousin was supposedly killed by Welch's cousin. (Doc. 26-2, pp. 11, 12). Welch was issued a misconduct for fighting with inmate Anthony McAllister. He was found guilty and sanctioned to ninety days of disciplinary confinement. (Doc. 26-2, p. 20).[3] In denying the appeal, the Chief Grievance Officer found that "[t]he responses provided at the institutional level [we]re appropriate and in accordance with Department of Corrections policies and procedures." (Id.).

On October 7, 2005, Welch filed Grievance No. 132303, alleging that the guards threatened him for filing Grievance No. 130430, for filing a lawsuit, and assisting another inmate in filing a lawsuit. (Doc. 26-2, pp. 18-19). He indicates that he was advised to take "self

---

[3]Despite Welch's admission concerning the motive for the assault, and the documentary evidence generated as a result of an investigation into the matter, plaintiff now provides to the court the affidavit of Anthony McAllister, in which McAllister claims that he did not assault Welch. (Doc. 32). Instead, he states that he witnessed three other inmates assaulted ting Welch.

lock-up" but declined because he did not want to disrupt his programming and felt he was being punished for having reported being the victim of threats. (Id.).

After the October 16, 2005 fight, Welch filed a grievance, which was assigned grievance No. 133376, stating that he advised certain individuals that he was in danger of being assaulted by an inmate or staff member because of threats he received from correctional officers concerning a lawsuit he filed against Philadelphia County prison guards. (Doc. 26-2, p. 128). He felt that his life was still in danger. (Id.). In responding to the grievances, the following comments were provided:

> You noted on your grievances that you cannot identify staff in which you make unspecific allegations against. You also noted that Major McAnnaney "seems to be addressing the issue . . ."
>
> Major McAnnaney, in fact, addressed previous concerns filed by you in which the allegations were found to be unsubstantiated and without any proof.
>
> It is evident that you are again submitting non-specific allegations toward staff. If find that Major McAnnaney appropriately addressed previously submitted allegations, which were found to be unsubstantiated.
>
> The grievances are denied.

(Doc. 26-2, p. 116). His appeals were denied. (Doc. 26-2, pp. 124, 114). On final review, the Chief Grievance Officer stated that "[t]here is no evidence to support your claim that you are being threatened in any way. You fail to provide the names of the officers and any of the specifics regarding any alleged threats made towards you. Review of the record reveals that Major McAnnaney has met with you to try to resolve your issues; however, you were not able

to provide him with any specific information. Your allegations cannot be substantiated." (Doc. 26-2, p. 112).

On December 1, 2005, Welch was involved in another fight with his cell mate. (Doc. 26-2, p. 34). He was issued a misconduct and later found guilty and sanctioned a total of 120 days of disciplinary confinement. (Doc. 26-2, p. 46).

On December 1, 2005, he also filed Grievance No. 137443, claiming that his security was in "serious danger." (Doc. 126-2, pp.134-35). The grievance officer found as follows:

> You were initially housed on C-Block and claimed to have enemies on the East Side of the institution. You were subsequently moved to the West Side, where you were involved in a fight with an inmate at the Weight Area. You then identified the inmate you were fighting with as the enemy you had at the institution. You were place [sic] in the L-5 Unit, and received a DC-141 Report on 12-01-05 for fighting with another inmate. It would appear that you have problems dealing with other inmates. The Security Office will continue to address your claims, however at this time, no transfer is pending.

(Id. at p. 132). Welch appealed the denial of the grievance to the Superintendent (Id. at p. 130), but failed to pursue it to final review.

## II. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). A factual dispute is material if it might affect

5

the outcome of the suit under the applicable law. Anderson, 477 U.S. at 248. A factual dispute is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the nonmoving party. Id. at 249; Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). "The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must, as a matter of law, prevail over the other." Anderson, 477 U.S. at 248.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694 (3d Cir. 1988). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, the nonmoving party may not simply sit back and rest on the allegations in the complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

With respect to the sufficiency of the nonmoving party's evidence, a court should grant

summary judgment where the nonmovant's evidence is merely colorable, conclusory or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III. Discussion**

    A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002): Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)(quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

It is undisputed that Welch proceeded through each level of the administrative grievance process for the first three grievances he filed. However, defendants argue that Welch did not properly exhaust because he failed to specifically identify each of the named defendants in his

grievances. See Woodford v. Ngo, 548 U.S. ___, ___, n. 4, 126 S.Ct. 2378, 2388 (2006). The court disagrees. Recently, the United States Supreme Court declined to determine whether information contained in grievances satisfied the requirement of proper exhaustion stated in Ngo. Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 923 (2007). Rather, the Court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances. We leave it to the court below in the first instance to determine the sufficiency of the exhaustion in these cases." Id. This conclusion was arrived at following a through review of the requirements set forth in the pertinent grievance policy.

As noted in the statement of material facts, *infra*, DC-ADM 804 requires the inmate to include a statement of relevant facts and identify any individual who may have information the could be helpful in resolving the matter. There is nothing that specifies who must be named in a grievance. Further, the grievance form itself does not require a prisoner to identify a particular responsible party. Consequently, the court concludes that Welch properly exhausted Grievance Nos. 130430, 132303, and 133376, and defendants' motion will be denied with respect to this argument.

With respect to the fourth grievance, it is undisputed that plaintiff failed to exhaust this grievance. Therefore, the subject matter of this grievance, the altercation with his cell mate, is unexhausted and not properly before this court.

B. <u>Merits of Failure to Protect Claim</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action

for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

In order for Welch to prevail on his Eighth Amendment failure-to-protect claim under 42 U.S.C. § 1983, he must show that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To survive summary judgment, Welch is thus required "to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997).

Welch has not met his burden of establishing that he was a substantial risk of serious harm existed and that defendants acted with deliberate indifference to that risk. Specifically,

he failed to submit any evidence indicating that he had been threatened by the inmate or inmates with whom he had the altercation on October 16, 2005. In fact, each of Welch's grievances was denied because he failed to provide both the names of the individuals who were threatening him, and any specific facts of the alleged threats. Despite the lack of specifics, plaintiff was offered protective custody, but declined it because he did not want to disrupt the institutional programs in which he was involved. Welch has failed to produce evidence of a substantial risk of serious harm and that defendants' acted with deliberate indifference to such a risk. Consequently, defendants are entitled to an entry of summary judgment.

    An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

March 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER M. WELCH, | : | CIVIL NO. 3:CV-06-0923 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENN. DEPT. OF CORR., et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 15th day of March 2007, upon consideration of defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56 (Doc. 24), it is hereby **ORDERED** that:

1. The motion (doc. 24) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court